## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

JOSEPH K. TOTH,                )
                                            )
                Petitioner,         )
                                            )
v.                                     )     Case No. CIV-21-452-J
                                            )
LONNIE LAWSON, Warden,     )
                                            )
                Respondent.      )

## <u>ORDER</u>

Petitioner, a state prisoner appearing pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 [Doc. No. 1].  The matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 626(b)(1)(B), (C).  Respondent filed a motion to dismiss [Doc. No. 10] to which Petitioner responded.  On review, Judge Erwin concluded that Petitioner lacks any due process rights in earning credit towards his sentence until it is 85% complete and thus recommended granting the motion to dismiss.  [Doc. No. 13]. Petitioner has filed a Motion to Object to Report and Recommendation (Petr.'s Obj.) [Doc. No. 14], triggering de novo review.

Relevant here, Petitioner is serving a ten-year sentence for shooting with intent to kill. [Doc. No. 1-3].  In Oklahoma, anyone convicted of shooting with intent to kill "shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed."  Okla. Stat. tit. 21, § 13.1.  Based on this, Judge Erwin found that Petitioner had failed to establish a vested liberty interest in having the Oklahoma Department of Corrections (DOC) apply to his sentence the credits it banks on his consolidated record card until he reaches the 85% mark, on or around October 3, 2024.  [Doc. No. 13 at 3].

On objection, Petitioner continues to argue that he has already earned the credits, citing DOC's Sentencing Administration policy which states:

> Effective March 1, 2000, 21 O.S., Section 13.1 provided that inmates who are convicted of certain crimes must serve eighty-five percent (85%) of their sentence of imprisonment before becoming eligible for parole consideration and shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than 85% of the sentence imposed. Therefore inmates serving a sentence for any of the crimes listed below committed on or after March 1, 2000 are eligible to earn credits during the first 85% percent of the sentence; however, said credits will not be applied towards the sentence until the inmate has served 85% of said sentence.

Sentence Administration, OP-060211 at 11;[1] *see also* Petr.'s Obj. at 4.  In other words, Petitioner argues that because DOC agrees he has earned the credits, he has a liberty interest in having them applied to his sentence now.  *See id.* at 2-4.

The Court disagrees.  That is, Oklahoma law clearly states that Petitioner is not entitled to those credits until he has completed 85% of his sentence.  Accordingly, "there can be no valid Due Process . . . claim based on the failure to apply those credits."  *Inuwa v. Lawson*, No. CIV-21-440-C, 2021 WL 3906984, at *1 (W.D. Okla. Aug. 31, 2021).

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 13] and GRANTS Respondent's motion to dismiss [Doc. No. 10].  Petitioner did not need to file a motion to object, so while his objection was considered herein, his motion [Doc. No. 14] is DENIED as moot.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner.  A COA may issue only if the petitioner "has made a substantial showing of the denial of a

---

[1]  https://oklahoma.gov/content/dam/ok/en/doc/documents/policy/section-06/op060211.pdf  (last accessed September 29, 2021).

constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has failed to make either showing and the Court denies the COA.

A separate judgment shall be entered.

IT IS SO ORDERED this 29th day of September, 2021.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE